IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND
(Greenbelt Division)

| | |
|---|---|
| TALIA CRAIGHEAD<br>6104 Westbrook Drive<br>New Carrolton, MD 20784<br>(Prince George's County)<br><br>    Plaintiff, on behalf of herself and<br>    all similarly situated individuals,<br>v.<br><br>FULL CITIZENSHIP OF MARYLAND, INC.<br>4415 Queensbury Road<br>Riverdale, MD 20737<br>(Prince George's County)<br><br>    Defendant. | Case No. _____<br><br>**COLLECTIVE ACTION AND CLASS ACTION REQUESTED** |

## **COMPLAINT**

1.  Defendant did not pay Plaintiff and its other hourly employees overtime wages. Instead, Defendant paid Plaintiff and its other hourly employees at an overtime rate that was the same *or less* than their regular rate.

2.  Plaintiff brings this action to recover damages for Defendant's willful failure to pay overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*; the Maryland Wage and Hour Law ("MWHL"), Md. Code, Lab. & Empl. Art., § 3-401 *et seq.*; and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code, Lab. & Empl. Art., § 3-501 *et seq.*

3.  Plaintiff brings her FLSA claim as a "collective action" pursuant to 29 U.S.C. § 216 (b). Plaintiff brings her MWHL and MWPCL claims as a class action pursuant to Fed. R. Civ. P. 23(b)(3). Both the "collective action" and the Rule 23 class action are brought on behalf of

**Defendant's hourly employees who during the last three years were not paid one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one workweek**.

## JURISDICTION AND VENUE

4. Jurisdiction is proper pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1367 (supplemental jurisdiction).

5. Venue is proper pursuant to 28 U.S.C. § 1391(b), because Defendant resides in this district and division, and a substantial part of the acts or omissions giving rise to Plaintiff's claims occurred in this district and division.

## PARTIES

6. Talia Craighead is an adult resident of Prince George's County, Maryland.

7. Full Citizenship of Maryland, Inc. is a Maryland corporation. Its principal place of business is 3205 Cheverly Avenue, Cheverly, MD 20785. Its resident agent is Martha Allen, 6019 Kilmer Street, Cheverly, MD 20785

## FACTUAL ALLEGATIONS

### Facts Common to All Similarly Situated Individuals

8. Defendant provides support and training services to adult individuals with disabilities in Prince George's County and Montgomery County.

9. Defendant refers to these individuals as "consumers," and this Complaint will also refer to them as such.

10. Defendant provides its consumers with housing throughout Prince George's County and Montgomery County.

11. Defendant employed Plaintiff and similarly situated individuals to serve consumers in Prince George's County and Montgomery County.

12. Plaintiff and similarly situated individuals typically and customarily performed duties such as:

    a. Transporting consumers to and from various worksites in Prince George's County and Montgomery County;

    b. Monitoring consumers while they performed janitorial work;

    c. Providing assistance to consumers as they performed their janitorial work;

    d. Providing in-home services such as cooking, cleaning and laundry;

    e. Ensuring that consumers took prescribed medicines.

    f. Providing consumers with recreational activities.

13. Plaintiff and similarly situated individuals were paid by the hour.

14. Plaintiff and similarly situated individuals often worked more than 40 hours per workweek.

15. Plaintiff and similarly situated individuals were not paid one and one-half times their regular hourly rate for when they worked more than 40 hours per workweek.

16. Plaintiff and similarly situated individuals typically clocked in and out of work.

17. Plaintiff and similarly situated individuals were typically paid every two weeks.

18. Plaintiff and similarly situated individuals were typically paid by check.

19. Plaintiff and similarly situated individuals were each provided with a paystub detailing the number of hours worked every two weeks.

**Facts Specific to Talia Craighead**

20. Ms. Craighead started to work for Defendant on approximately June 12, 2015.

21. Ms. Craighead supervised a residence at 11526 Charlton Drive, Silver Spring, MD 20902 in which multiple consumers lived.

22. Ms. Craighead ensured that consumers took their medication and had transportation. She also ensured that the residence was stocked with food, was properly furnished, and was safe.

23. In addition to supervising theresidence, Ms. Craighead took consumers out for recreational actives, such as eating at restaurants, playing games, walking in parks, and watching movies.

24. Ms. Craighead typically and customarily clocked in and out of her work.

25. Ms. Craighead typically and customarily worked more than 40 hours per workweek.

26. Ms. Craighead was always paid by the hour.

27. Ms. Craighead was always paid by check.

28. Ms. Craighead was always paid every two weeks.

29. Ms. Craighead was never paid overtime wages for when she worked more than 40 hours in a workweek.

30. Ms. Craighead was typically paid less than her regular hourly rate for each hour over 40 hours worked in a workweek.

31. For example, for the pay period of February 21, 2016 through March 5, 2016, Ms. Craighead worked 128 hours. Therefore, she worked *at least* 48 overtime hours during this period. Defendant paid Ms. Craighead $19.23 for each of her regular hours. However, Defendant only paid her $10.00 for each of her overtime hours.

32. For this pay period, Defendant provided Ms. Craighead with the following paystub:

4

| PERSONAL AND CHECK INFORMATION | EARNINGS | | | | | | |
|---|---|---|---|---|---|---|---|
| TALIA CRAIGHEAD<br>6104 WESTBROOK DR<br>NEW CARROLLTON, MD 20784 | DESCRIPTION | HRS/<br>UNITS | RATE | CURRENT ($) | YTD HRS/<br>UNITS | YTD ($) | |
| Soc Sec #: XXX-XX-XXXX  Employee ID: 677<br>Hire Date: 07/20/15<br>Status: FT<br>Filing Status:<br>Federal: Single, 0<br>State: MD, Single, 0<br>Dept: 001 | REGULAR<br>HOLIDAY<br>VACATION<br>MED 125 (MD,VA)<br>RELIEF | 80.00<br><br><br><br>48.00 | 19.2300<br><br><br><br>10.0000 | 1538.40<br><br><br>-97.00<br>480.00 | 344.00<br>32.00<br>24.00<br><br>188.50 | 6615.12<br>615.36<br>461.52<br>-485.00<br>1885.00 | |
| | HOURS WORKED<br>ADJ EARNINGS<br>GROSS EARNINGS | 80.00<br><br>128.00 | | <br>1921.40<br>2018.40 | 344.00<br><br>588.50 | <br>9092.00<br>9577.00 | |
| Pay Period: 02/21/16 to 03/05/16<br>Check Date: 03/10/16   Check #: Direct Deposit | DEDUCTIONS | DESCRIPTION | | | CURRENT ($) | | YTD ($) |
| NET PAY ALLOCATIONS | | TRAVEL REIMBURS | | | -85.05 | | -466.65 |
| DESCRIPTION   CURRENT ($)   YTD ($)<br>CHECKING1 - 0851   1416.76   6817.44<br>Net Pay   1416.76   6817.44 | | TOTAL | | | -85.05 | | -466.65 |
| | WITHHOLDINGS | DESCRIPTION | | | CURRENT ($) | | YTD ($) |
| | | FEDERAL W/H<br>OASDI<br>MEDICARE<br>STATE W/H MD | | | 296.07<br>119.13<br>27.86<br>146.63 | | 1353.42<br>563.72<br>131.84<br>692.23 |
| | | TOTAL | | | 589.69 | | 2741.21 |

33. Over the course of her employment, Ms. Craighead worked approximately 320 overtime hours.

34. Defendant owes Ms. Craighead approximately $7,000.00 in unpaid overtime wages.

**General Factual Allegations**

35. At all relevant times, the annual gross volume of Defendant's business exceeded $500,000.00.

36. At all relevant times, Defendant had two or more employees who handled goods and/or materials that had travelled in or been produced for interstate commerce. For example, Defendant distributed cleaning supplies to its employees to use in the performance of their job duties.

37. At all relevant times, Defendant had the power to hire and fire Plaintiff and similarly situated individuals.

38. At all relevant times, Defendant had the power to control the work schedule of Plaintiff and similarly situated individuals.

5

39. At all relevant times, Defendant had the power to set the rate of pay of Plaintiff and similarly situated individuals.

40. Defendant owes Plaintiff and similarly situated individuals approximately **$525,000.00** in unpaid overtime wages.

## "COLLECTIVE ACTION" ALLEGATIONS

41. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

42. This action is maintainable as an "opt-in" collective action pursuant to the FLSA, 29 U.S.C. §216(b).

43. During the three years prior to filing this complaint, Defendant has employed approximately 50 employees at any given time.

44. Plaintiff brings her FLSA claims on her own behalf, and on behalf of: **Defendant's hourly employees who during the last three years were not paid one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one workweek**.

45. These individuals are similarly situated because:

    a. They were all paid by the hour.

    b. They were all subject to the same timekeeping practices and employment policies.

    c. They were all based out of the same worksite.

    d. They all worked more than 40 hours in a workweek.

    e. They were all paid in the same manner.

46. On information and belief, the putative collective class consists of at least 100 past and present employees.

47. On information and belief, Defendant owes the members of the putative collective action approximately **$1,050,000.00** in unpaid wages and liquidated damages under the FLSA.

## CLASS ACTION ALLEGATIONS

48. Plaintiff incorporates the foregoing paragraphs as if fully stated herein.

49. This action is maintainable as an "opt-out" class action pursuant to Federal Rule of Civil Procedure 23.

50. Plaintiff bring her MWHL and MWPCL claims on her own behalf, and on behalf of: **Defendant's hourly employees who during the last three years were not paid one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one workweek**.

51. On information and belief, the putative class consists of approximately 100 past and present employees.

52. On information and belief, Defendant owes the members of the putative class action approximately **$1,575,000.00** in unpaid wages and liquidated damages under the MWHL and MWPCL.

### Numerosity and the Impracticability of Joinder

53. The putative class is so numerous that individual joinder of all members is impracticable.

54. The putative class consists of approximately 100 individuals.

55. Most putative class members are from foreign countries, including Nigeria, Ghana, Cameroon, Guyana, Sierra Leone, and Bangladesh.

56. Many putative class members are applying for residency or citizenship, for which they may depend on a reference from Defendant.

57. Putative class members live in multiple judicial jurisdictions, including Maryland, Virginia, and the District of Columbia.

58. Many putative class members speak, read, or write English as a second language.

7

59. Virtually all putative class members are low-wage workers.

60. Many putative class members have claims so small that it would not be feasible for them to pursue their claims independently.

61. Most putative class members are unfamiliar with the FLSA and Maryland's overtime laws.

62. Many members of the putative class sincerely believe that they will be fired if they take any affirmative steps to join this lawsuit.

**Commonality**

63. All putative class members performed similar, non-exempt job duties that involved manual labor.

64. All putative class members were subject to the same timekeeping practices and employment policies.

65. All putative class members reported to the same job location.

66. The employment of all putative class members is subject to the same relevant laws: the FLSA, the MWHL, and the MWPCL.

67. All putative class members were paid in the same manner.

68. Not only are there common questions of law and fact; each putative class members' claims are virtually *identical*. Differences between the amounts owed to each Plaintiff may be resolved by a simple formula that takes into account their regular rate of pay and number of hours worked.

**Typicality / Adequacy**

69. Plaintiff is typical of the putative class members. She performed similar job duties as fellow class members; she worked schedules similar to her fellow class members; and she was paid in the same manner as her fellow class members.

70. There is no reason that Plaintiff would not vigorously pursue the claims of the putative class.

71. Undersigned counsel has litigated over 100 cases in state and federal court that implicate the FLSA, DCMWA, DCWPCL, MWHL, and/or MWPCL. He has been counsel in class, collective, and "hybrid" (class + collective) actions.

72. There is no reason undersigned counsel would not vigorously pursue the claims of the putative class.

**Predominancy / Superiority**

73. As stated above, the questions of fact and law are nearly identical between putative class members.

74. It is far more efficient to litigate the claims of the putative class in one single case than it would be for the Court to preside over dozens of nearly identical lawsuits.

75. Given the demographic characteristics of the putative class, it is in the interests of putative class members to litigate these claims as efficiently as possible.

76. Separate actions would only serve to limit Defendant's liability at the expense of the rights provided to low-wage workers under the MWHL and MWPCL.

**COUNT I**

**FAILURE TO PAY OVERTIME WAGES UNDER THE FLSA**

77. Plaintiff incorporates the foregoing paragraphs as if fully restated herein.

78. Plaintiff and similarly situated individuals were "employees" of Defendant within the meaning the FLSA, 29 U.S.C. § 203(e)(1).

79. Plaintiff and similarly situated individuals were "non-exempt" employees of Defendant within the meaning of the FLSA, 29 U.S.C. § 213.

80. Defendant was an "employer" of Plaintiff and similarly situated individuals within the meaning of the FLSA, 29 U.S.C. § 203(d).

81. The FLSA requires employers to pay non-exempt employees one and one-half times their effective regular hourly rate for hours worked in excess of 40 hours in any one workweek. 29 U.S.C. § 207(a)(1).

82. Defendant violated the FLSA by knowingly failing to pay Plaintiff and similarly situated individuals at least one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one workweek.

83. Defendant's FLSA violations were willful.

84. For its FLSA violations, Defendant is liable to Plaintiff and similarly situated individuals for unpaid overtime wages, plus an equal amount as liquidated damages, plus court costs, reasonable attorney's fees and expenses, interest, and any other relief deemed appropriate by the Court.

## COUNT II

### FAILURE TO PAY OVERTIME WAGES UNDER THE MWHL

85. Plaintiff incorporates the foregoing paragraphs as if fully stated herein.

86. Defendant was an "employer" of Plaintiff and similarly situated individuals within the meaning of the MWHL, Md. Code, Lab. & Empl. Art. § 3-401(b).

87. The MWHL requires employers to pay non-exempt employees one and one-half times their effective regular hourly rate for hours worked in excess of 40 hours in any one workweek. Md. Code, Lab. & Empl. Art. § 3-415.

88. Defendant violated the MWHL by knowingly failing to pay Plaintiff and similarly situated individuals at least one and one-half times their regular hourly rate for hours worked in excess of 40 hours in any one workweek.

89. Defendant's MWHL violations were willful.

90. For its MWHL violations, Defendant is liable to Plaintiff and similarly situated individuals for unpaid overtime wages, plus an equal amount as liquidated damages, plus court costs, reasonable attorney's fees and expenses, interest, and any other relief deemed appropriate by the Court.

## COUNT III

### FAILURE TO PAY WAGES UNDER THE MWPCL

91. Plaintiff incorporates the foregoing paragraphs as if fully stated herein.

92. Defendant was an "employer" of Plaintiff and similarly situated individuals within the meaning of the MWPCL, Md. Code, Lab. & Empl. Art., § 3-501(b).

93. The MWPCL requires employers to promptly pay employees "all compensation that is due to an employee for employment." Md. Code, Lab. & Empl. Art., § 3-501(c)(1).

94. The "compensation" required to be paid by the MWPCL includes overtime wages. Peters v. Early Healthcare Giver, Inc., 439 Md. 646, 654 (Md. 2014).

95. Defendant violated the MWPCL by knowingly failing to promptly pay Plaintiff and similarly situated individuals all compensation that was due to them.

96. Defendant's MWPCL violations were willful.

97. For its MWPCL violations, Defendant is liable to Plaintiff and similarly situated individuals for three times the amount of the unpaid wages, plus court costs, reasonable attorney's fees and expenses, interest, and any other relief deemed appropriate by the Court.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of herself and all similarly situated individuals, respectfully request that this Court enter judgment against Defendant on all counts, and grant the following relief:

a. Award Plaintiff and similarly situated individuals **$1,575,000.00** in damages, comprised of the following overlapping elements:

　　i. unpaid overtime wages, plus an equal amount as liquidated damages, pursuant to the FLSA, 29 U.S.C. § 216;

　　ii. unpaid overtime wages, plus an equal amount as liquidated damages, pursuant to the MWHL, Md. Code, Lab. & Empl. Art., § 3-427;

　　iii. three times the amount of the unpaid wages, pursuant to the MWPCL, Md. Code, Lab. & Empl. Art., 3-507.2;

b. Award Plaintiff and similarly situated individuals pre-judgment and post-judgment interest as permitted by law.

c. Award Plaintiff and similarly situated individuals reasonable attorney's fees and expenses incurred in the prosecution of this action;

d. Award Plaintiff and similarly situated individuals court costs; and

e. Award any additional relief the Court deems just.

Date: March 1, 2017                    Respectfully submitted,

/s/Justin Zelikovitz, Esq.
Justin Zelikovitz, #17567
DCWAGELAW
519 H Street NW
Washington, DC 20001
Phone: (202) 803-6083
Fax: (202) 683-6102
justin@dcwagelaw.com

*Counsel for Plaintiff*