IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
|  | * |  |
| TALIA CRAIGHEAD, | * |  |
| Plaintiff, | * |  |
| v. | * | Civil Action No. PX 17-595 |
| FULL CITIZENSHIP OF MARYLAND, INC. | * |  |
| Defendant. | * |  |

****** 

## MEMORANDUM OPINION AND ORDER

Pending is Plaintiff's Motion for Leave to Amend Complaint (ECF No. 18). The issues are fully briefed and the Court now rules pursuant to Local Rule 105.6 because no hearing is necessary. Plaintiff's Motion is granted.

## I.    BACKGROUND

On March 3, 2017, Plaintiff, individually and on behalf of similarly situated putative class members, filed a class action against Defendant Full Citizenship of Maryland, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, the Maryland Wage and Hour Law ("MWHL"), Md. Code Ann., Lab. & Empl. § 3-401 *et seq.*; and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code Ann., Lab & Empl. § 3-501 *et seq.*, as well as injunctive relief pursuant to 29 U.S.C. § 217. Defendant has answered the complaint and discovery pertinent to class certification is underway.

On June 29, 2017, Plaintiff moved to amend the complaint pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure.  Specifically, Plaintiff seeks to add named Plaintiffs "to ensure that the class is adequately represented by a number of typical class members." ECF No. 18 at 1.  Plaintiff also seeks to clarify the basis for federal jurisdiction under the FLSA and the

Class Action Fairness Act ("CAFA"), codified in relevant part at 28 U.S.C. § 1332(d).  Plaintiff

also proposes to add class allegations covering those individuals who were not paid the legal

minimum wage in any one work week. Finally, Plaintiff would add Pansy Stancil-Diaz as a

named Defendant because she has allegedly exerted personal control over and responsibility for

the unlawful pay practices.  Plaintiff avers that she only recently learned of the factual bases

supporting the proposed amendments. ECF No. 18 at 3.  For the reasons stated below, Plaintiff's

motion is granted.

## II.      STANDARD OF REVIEW

Rule 15(a) permits amendment of pleadings automatically within twenty-one days after

service of a responsive pleading.  After such time, amendment is permitted only by consent of

the opposing party or by leave of court. *Id.* Pursuant to Rule 15(a)(2), "[t]he court should freely

give leave [to amend] when justice so requires." The Court only should deny the motion if

amendment "would prejudice the opposing party, reward bad faith on the part of the moving

party, or would amount to futility," *MTB Servs., Inc. v. Tuckman–Barbee Constr. Co.*, No. RDB–

12–2109, 2013 WL 1819944, at *3 (D. Md. Apr. 30, 2013) (citing *Steinburg v. Chesterfield Cty.

Planning Comm'n*, 527 F.3d 377, 390 (4th Cir. 2008)).

## III.     ANALYSIS

Defendant lodges two primary objections to the proposed amendment.  First, Defendant

asserts that the addition of minimum wage claims must be brought in a separate suit, primarily

because keeping the claims together would "confuse the issues" and prejudice defendant by

expanding class discovery.  ECF No. 26 at 4. Second, Defendant claims that adding Stancil-Diaz

as a named defendant is inappropriate because counsel for Plaintiff's involvement in a prior class

action lawsuit against Defendant provided counsel with sufficient information regarding her role as Executive Director of Full Citizenship. Neither argument is persuasive.

With regard to adding the minimum wage claims, they are certainly related to the underlying class complaint in that they involve the same institutional defendant, the same time frame, and the same basic state law framework as the other state claims. Further, Plaintiff avers (and Defendant does not dispute) that Plaintiff first learned the factual bases for this claim during the course of initial class discovery which has taken place in the last few months. What is more, any possible prejudice may be cured by a reasonable enlargement of time in the scheduling order to accommodate discovery on the new claims.

This process seems far more efficient than denying amendment. Denial would force Plaintiff to bring a separate suit as well as additional motions regarding consolidation of the two class cases.  Given that the claims are sufficiently related enough to permit amendment, to do otherwise would appear wasteful and unnecessary.

Similarly, with regard to joining Stancil-Diaz, Defendant's only objection centers on the fact that Plaintiff's counsel learned certain information about Stancil-Diaz during prior litigation. Defendant does not dispute, however, that the request for amendment is based on additional information from witnesses who just came forward. ECF No. 18 at 3. That Plaintiff may have learned other information prior to this suit about Stancil-Diaz does not undercut why amendment is warranted in this case based on new information learned relatively early in the discovery process. In short, Defendant has not marshalled sufficient evidence of prejudice to warrant denial of amendment.

**IV.     CONCLUSION**

For the reasons stated in the foregoing, and on this 4th day of August, 2017, Plaintiff's Motion for Leave to Amend the Complaint (ECF No. 18) is hereby GRANTED. The clerk is directed to detach and file Plaintiff's Amended Complaint (ECF No. 18-1), and transmit copies of this Memorandum Opinion and Order to the parties.

                                             /S/
                              _____
                              PAULA XINIS
                               United States District Judge