IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|   |   |   |
|---|---|---|
| TALIA CRAIGHEAD, *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No. PX-17-595 |
| FULL CITIZENSHIP OF MARYLAND, INC., *et al.*, | * | |
| Defendants. | * | |

******

**MEMORANDUM OPINION AND ORDER**

Pending before the Court in this wage payment action is the Motion for Conditional Certification and Court-Authorized Notice filed by Plaintiffs Talia Craighead, Verenesha Hutchinson, Vernice Headen, and Pamela Ransom. (ECF No. 39.) Plaintiffs, on behalf of themselves and all others similarly situated, have filed an action alleging that Defendant Full Citizenship of Maryland, Inc. ("FCI"), and FCI's Executive Director, Defendant Pansy Stancil-Diaz, violated the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. ("FLSA") and analogous Maryland law. The matter has been fully briefed, and on February 13, 2018, a hearing was held. For the reasons discussed on the record at the hearing, and for the reasons below, Plaintiffs' Motion is granted.

**I.     Background**

FCI, a Maryland Corporation, provides residential, rehabilitative, and vocational training services to adults with cognitive disabilities. Plaintiffs were hourly employees whose job duties involved teaching FCI's clients skills related to "daily living," "survival," and "self-advocacy." Plaintiffs assisted FCI's clients with cooking, cleaning, doing laundry, taking medicine,

1

attending medical appointments, and participating in social and recreational activities.[1] *See* ECF No. 34 at ¶ 29.

Plaintiffs are residential and vocational staff who perform overlapping duties and are subject to the same compensation policies. Specifically, FCI pays Plaintiffs on an hourly basis. Plaintiffs allege that for one class of Plaintiffs, FCI systematically failed to pay overtime at the appropriate wage, and for another, systematically failed to pay the legal minimum wage.

Notably, FCI was the defendant in a nearly identical class complaint in this District before the Honorable George J. Hazel. *See Anthony v. Full Citizenship of Maryland*, No. GJH-15-977, 2015 WL 6773716 (D. Md. Nov. 4, 2015). There, Judge Hazel granted a motion for conditional certification of a collective action involving vocational counselors. *Id.* at *1, *2. However, the parties voluntarily dismissed that action before it was resolved on the merits.

Plaintiffs now seek conditional certification of an FLSA collective action in materially identical terms to that which was sought before Judge Hazel. Defendants do not contest many aspects of Plaintiffs' motion. Instead, Defendants principally argue that, in light of the dismissal in *Anthony*, Plaintiffs are barred from seeking conditional under the doctrine of claim preclusion. Notably, Defendants provide this Court *no authority* for the proposition that this Court may bar conditional certification of this action because of the stipulated dismissal of a prior case to which Plaintiffs never were made parties. This is because Defendants are deeply misguided as to the application of claim preclusion here.

---

[1] At the hearing, the Court denied Defendants' Motion to Dismiss. (ECF No. 67.) The Court notes that, in addition to the reasons discussed at the hearing, the assertion that FCI does not provide "care" because it instead provides vocational and "community living support and assistance" services, *see* ECF No. 67-1 at 7, does not withstand scrutiny. FCI receives its funding in part from the Maryland Developmental Disabilities Administration. *See* ECF No. 68-4 at 5. In *Olmstead v. L.C.*, 527 U.S. 581 (1999), the Supreme Court held that states are *required* to provide community-based care to individuals with mental disabilities who qualify for such treatment when it can be reasonably accommodated. *Id.* at 597, 602–03, 607. Defendants' argument therefore must be rejected as inconsistent with the basic tenets of *Olmstead*.

I. **Discussion**

   a. **Res Judicata**

The doctrine of res judicata, or claim preclusion, applies where the party seeking preclusion can demonstrate (1) the existence of a prior judgment, which was final, on the merits, "and rendered by a court of competent jurisdiction in accordance with the requirements of due process"; (2) that the parties in the second action are identical to, or in privity with, the parties in the first action; and (3) that "the claims in the second matter are based upon the same cause of action involved in the earlier proceeding." *Covert v. LVNV Funding, LLC*, 779 F.3d 242, 246 (4th Cir. 2015) (quoting *In re Varat Enters., Inc.*, 81 F.3d 1310, 1315 (4th Cir. 1996)). "Res judicata is ultimately governed by whether the present case has already been decided, and whether the party has previously had a fair shot with respect to the claims raised in the present action." *SAS Inst., Inc. v. World Programming Ltd.*, 874 F.3d 370, 378 (4th Cir. 2017). The case before Judge Hazel was dismissed pursuant to a settlement and stipulation of dismissal; there was no judgment on the merits. Accordingly, res judicata simply is inapplicable.[2]

Moreover, even if a judgment had been reached on the merits, only the parties to that action and their privies are precluded from re-litigating the claims. *Pueschel v. United States*, 369 F.3d 345, 354–55 (4th Cir. 2004). In *Anthony*, Judge Hazel granted conditional certification

---

[2] At the hearing, Defendants argued that although additional plaintiffs would not be barred from litigating the same claims at issue in this case *individually*, claim preclusion was appropriate to prevent a subsequent collective action. This argument fails. First, as Defendants acknowledged during the hearing, a FLSA collective action is a vehicle by which to bring claims, not itself a claim—so there is nothing to preclude. Second, to the extent that Defendants' argument is that it should not be put to the burden of subsequent or serial collective actions because of the potential for a multiplicity of litigation, this argument is undercut by the very purpose of FLSA collective actions: if even one additional plaintiff were to opt in to this case, Defendants would be spared the exercise of engaging in two individual actions instead of one collective action. *See Lindsay v. Gov't Emp. Ins. Co.*, No. PLF-04-1213, 2004 WL 4012264, at *1 n.4 (D.D.C. Nov. 9, 2004) ("Defendant cites no law for the proposition that once one collective action has been approved, a subsequent collective action directed toward the same pool of plaintiffs cannot be brought. Even if the number of individual actions would be small, a second collective action still helps to avoid a multiplicity of duplicative suits." (internal quotation marks omitted)).

of an *opt-in* class. Accordingly, class members did not become parties to the action unless and until they opted in to the case. *Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036, 1043 (2016). Put differently, the mere act of conditional certification does not bind all potential class members to the outcome of the suit. Rather, the "sole consequence of conditional certification [under § 216] is the sending of court-approved written notice to employees . . . who in turn become parties to a collective action *only by filing written consent with the court*." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 75 (2013) (emphasis added); *see also Yates v. Wal-Mart Stores, Inc.*, 58 F. Supp. 2d 1217, 1218 (D. Colo. 1999) ("Unlike Rule 23, the opt-in provision of [the FLSA] provides for no legal effect on those parties who choose not to participate."); *Lindsay v. Gov't Emp. Ins. Co.*, No. PLF- 04-1213, 2004 WL 4012264, at *1 n.4 (D.D.C. Nov. 9, 2004); *Hautur v. Kmart Corp.*, No. 15-267A, 2015 WL 5567912, at *9 (W.D.N.Y. Sept. 22, 2015) ("failure to opt into a collective action has no preclusive effect").

    **b. Conditional Certification**

Section 216(b) of the FLSA provides for an "opt-in" mechanism for collective actions under the statute "whereby potential plaintiffs must affirmatively notify the court of their intentions to be a party to the suit." *Quinteros v. Sparkle Cleaning, Inc.*, 532 F. Supp. 2d 762, 771 (D. Md. 2008). In this initial stage, the Court must determine whether Plaintiffs have demonstrated that potential class members are similarly situated such that court-facilitated notice to the putative class members would be appropriate. If the Court answers in the affirmative, then the class is conditionally certified and dissemination of notice to potential class members occurs. At the second stage, following discovery, the Court determines whether the class indeed is "similarly situated" under section 216 of the FLSA, and renders a "final decision regarding the propriety of proceeding as a collective action." *Gionfriddo v. Jason Zink, LLC*, 769 F. Supp. 2d

880, 886 (D. Md. 2011) (quoting *Rawls v. Augustine Home Health Care, Inc.*, 244 F.R.D. 298, 300 (D. Md. 2007)).

Notably, Plaintiffs' burden at the conditional certification stage is minimal. The proposed FLSA plaintiff class is properly considered to be similarly situated for the purposes of conditional certification if the plaintiff can demonstrate that they were "victims of a common policy, scheme, or plan that violated the law." *Butler v. DirectSTAT USA, LLC*, 876 F. Supp. 2d 560, 566 (D. Md. 2012). Here, Plaintiffs have made an ample showing via sworn declarations and other employment-related materials that they were subject to FCI's common policy to pay lower than county-mandated minimum wage and to fail to pay overtime.

Defendants do not meaningfully challenge whether Plaintiffs have met this low burden. Apart from arguing that res judicata bars certification, Defendants assert that Plaintiffs cannot bring an FLSA action for failing to pay a county-mandated minimum wage when that wage is higher than the federal minimum wage. Defendants point to no authority supporting their position, and lower courts have granted conditional certification in identical circumstances. *See, e.g.*, *Flores v. Unity Disposal & Recycling, LLC*, No. GJH-15-196, 2015 WL 1523018, at *3 (D. Md. Apr. 2, 2015); *Anthony*, 2015 WL 6773716. More to the point, that Plaintiffs' claims are driven by locally mandated minimum wages does not bar conditional certification under the FLSA. *See Kucker v. Petco Animal Supplies Stores, Inc.*, No. DF-14-9983, 2016 WL 237425, at *12 (S.D.N.Y. Jan 19, 2016). Therefore, whether a higher county minimum wage applies to Plaintiffs' claims is not a proper ground for denying conditional certification. Because Plaintiffs have demonstrated that potential opt-in plaintiffs are similarly situated, conditional certification is granted.

### c. Contents and Method of Notice

Finally, the parties dispute what information Defendants should provide to Plaintiffs to effectuate notice. Plaintiffs seek a computer-readable list of the names eligible to join the conditionally certified class, as well as their last known mailing addresses, email addresses, telephone numbers, and dates of work. Plaintiffs also request the Social Security numbers of any eligible individuals whose mailed notice is returned as undeliverable.

Defendants object to disclosing telephone numbers and Social Security numbers absent a showing of special need. Defendants represent that their concern is based on the potential for harassing solicitation of plaintiffs and the "stirring up" of litigation. This Court concurs with Judge Messitte's conclusion in *Boyd v. SFS Communications, LLC*, No. PJM-15-3068, 2017 WL 386539, at *3 (D. Md. Jan. 2017), that "phone numbers and email addresses are more likely to have remained constant" than physical mailing addresses. Therefore, contact through phone and email would increase the likelihood that eligible class members will be reached and that effective notice will be given, and this Court will not require a showing of special need before requiring Defendants to provide potential class members' phone numbers to Plaintiffs. *See id.* That said, the Court is mindful that appropriate restrictions on phone contact should be put in place to minimize the risk of unwanted or bothersome calls. The parties agreed at the hearing that they will attempt to reach consensus on how potential class members will be contacted by telephone. Accordingly, Defendants must disclose to Plaintiffs the requested phone numbers and email addresses. However, Defendants need not disclose Social Security information initially. *See Arevalo v. D.J.'s Underground, Inc.*, No. DKC-09-3199, 2010 WL 4026112, at *2 (D. Md. Oct. 13, 2010). Rather, as discussed at the hearing, Defendants shall provide the last four digits of the

Social Security numbers of only those potential opt-in plaintiffs whose mailed notice is returned as undeliverable.

Finally, the Court grants Defendants' request for additional time to meet and confer on the proper contents of the notice to be disseminated. The parties shall have 14 days from the entry of this Memorandum Opinion and Order (until March 2, 2018) to finalize the contents of the notice and the means by which such notice will be given. The statute of limitations shall continue to be tolled until the date notice is effectuated.

## II. Conclusion and Order

For the reasons discussed above, it is this 16th day of February, 2018, ORDERED that:

1. The Motion for Conditional Certification and Court-Authorized Notice filed by PLAINTIFFS TALIA CRAIGHEAD, VERENESHA HUTCHINSON, VERNICE HEADEN, and PAMELA RANSOM (ECF No. 39) BE, and the same hereby IS, GRANTED;

2. The parties shall have 14 days from the entry of this order (until March 2, 2018) to submit a joint proposal for the contents and means of court-authorized notice in this case;

3. The Clerk is directed to transmit copies of this Memorandum Opinion and Order to counsel for the parties.

2/16/2018  
Date

/S/  
Paula Xinis  
United States District Judge