

The B&O Building
2 N. Charles Street, Suite 600
Baltimore, MD 21201
410.752.8700
410.752.6868 Fax
www.fandpnet.com

Tamara B. Goorevitz
Direct 410.230.3625
tgoorevitz@fandpnet.com

Admitted in MD & DC

July 31, 2019

*Via CM/ECF*
Honorable Paula Xinis
United States District Judge
United States District Court for the District of Maryland
6500 Cherrywood Lane
Greenbelt, MD 20770

        Re:    *Talia Craighead, et al. v. Full Citizenship of Maryland, Inc., et al.*
              Case No.:  8:17-cv-00595-PX

Dear Judge Xinis:

      Please accept this correspondence on behalf of Defendants, Full Citizenship of Maryland, Inc. ("FCI") and Pansy Stancil-Diaz, seeking a modification of the Court's Letter Order of July 26, 2019 [ECF 172].

      The Court's Letter Order of July 26, 2019 [ECF 172] was issued one day after the Court's receipt of a July 25, 2019 letter from Class Counsel [ECF 170], seeking disclosure by Defendants of (1) prior settlement agreements between Defendants and certain Class Members to this class action, "during the pendency of this litigation;" and (2) all correspondence between and among Defendants, a program assistant employed by Defendants, and Defense Counsel regarding any opt-out forms returned to date by Class Members.  In its Letter Order of July 26, 2019 [ECF 172], the Court granted Class Counsel's request in part and denied it in part, and "agree[d] to order disclosure of the settlement agreements" sought by Class Counsel, to be produced by Defendants on or before August 2, 2019.  *See* ECF 172.

      Defendants were not given an opportunity to file a written response to ECF 170.  Therefore, Defendants request that the Court grant a minor modification to its Letter Order [ECF 172], namely, to permit Defendants to redact the settlement amounts from the settlement agreements to be produced.  The amounts of the settlements are not relevant to the limited issues before the Court, and if produced, could be prejudicial both to Defendants and to the individuals who signed the agreements prior to even being a part of this litigation and who did not consent to disclosure of the amounts.  These settlement agreements are confidential arm's-length agreements with private parties and were entered into before any FLSA or Rule 23 Class had even been certified.  Plaintiffs can obtain the information needed ("whether the agreements caused misinformation and possible coercion regarding the Class Members' participation in this case,"

Honorable Paula Xinis
July 31, 2019
Page 2

see ECF 170 at p. 1) from the language of the settlement agreements without the settlement amounts. Further, Plaintiffs' state in their letter [ECF 170] that they will likely submit these agreements as exhibits to the Court.

First, the settlement amounts have no relevance to the issues to be heard by the Court at the evidentiary hearing and further, disclosure of these amounts could result in unfair prejudice to Defendants. The Parties have vastly different arguments as to the allegations and the alleged damages in this case and, as the Rule 23 Notice made clear, "no decision has been made by the Court regarding the merits of the claims." Therefore, it would not be appropriate for this Court, which has not even addressed the merits of any of the claims or defenses, much less the alleged damages, to become aware of the settlement amounts.

Second, Class Counsel did not represent these individuals when the settlement agreements were entered into and all settlements were entered confidentially. Therefore, there is no reason, at this time, for these amounts to be disclosed to Class Counsel or Plaintiffs when the Court has not yet determined the validity of the opt-out forms. If this Court determines, as Defendants contend, that the individuals at issue knowingly and voluntarily opted out of the class action, then Class Counsel and Class Plaintiffs would never be entitled to receive this settlement information. Therefore, to prevent possible prejudice to both Defendants and the individuals who signed these agreements (who have arguably already notified the Court that they do not wish to be a part of this lawsuit by signing and sending their opt out forms to Class Counsel), the settlement amounts, which offer no relevance to the issues before the Court, must be redacted.

In light of the above, Defendants respectfully request that the Court modify its Order [ECF 172] to allow Defendants to redact the dollar amounts paid to the releasing parties prior to producing the settlement agreements. Defendants requested that Plaintiffs' consent to the relief requested and Plaintiffs advised they do not consent. See email correspondence dated July 31, 2019, attached as Exhibit A.

Thank you for your consideration of this request.

Respectfully submitted,

*Tamara B. Goorevitz*

Tamara B. Goorevitz


cc:   Justin Zelikovitz, Esq. (via email to justin@dcwagelaw.com)
      Sally J. Abrahamson, Esq. (via email to sabrahamson@outtengolden.com)
      Molly A. Brooks, Esq. (via email to mb@outtengolden.com)
      Pamela Disney, Esq. (via email to pdisney@outtengolden.com)
      Lucy Brierly Bansal, Esq. (via email to lbansal@outtengolden.com)