**IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND
(Greenbelt Division)**

| | | |
|---|---|---|
| **TALIA CRAIGHEAD, et. al.,** | * | |
| **Plaintiffs** | * | |
| **v.** | * | **Case No.: PX 17-cv-0595** |
| **FULL CITIZENSHIP** | * | |
| **OF MARYLAND, INC., et. al.,** | * | |
| **Defendants.** | * | |

\*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*   \*

## DEFENDANTS' RESPONSE IN OPPOSITION TO
## PLAINTIFFS' MOTION FOR RECONSIDERATION

Defendants, Full Citizenship of Maryland, Inc. ("FCI") and Pansy Stancil-Diaz (collectively, "Defendants"), by and through their undersigned attorneys, Tamara B. Goorevitz, David A. Skomba and FRANKLIN & PROKOPIK, P.C., hereby submit this Response in Opposition to Plaintiffs' Motion for Reconsideration [ECF 224].

For the reasons articulated more fully in the supporting Memorandum of Law and Points of Authorities, filed concurrently and incorporated fully herein, Plaintiffs have not made the requisite showing to entitle them to the extraordinary relief of reconsideration (indeed, on the subjects upon which reconsideration has been sought, the Court was entirely correct in its rulings) and Plaintiffs' Motion for Reconsideration should be denied.

**WHEREFORE**, Defendants, FCI and Pansy Stancil-Diaz, respectfully request that the Court enter an Order denying Plaintiffs' Motion for Reconsideration and granting these Defendants all such other relief as the Court deems necessary, appropriate and in the interests of justice.

Respectfully submitted,

*/s/ Tamara B. Goorevitz*

Tamara B. Goorevitz (# 25700)
David A. Skomba (# 23664)
FRANKLIN & PROKOPIK, P.C.
Two North Charles Street, Suite 600
Baltimore, Maryland 21201
Tel.: (410) 230-3625
Fax: (410) 752-6868
tgoorevitz@fandpnet.com
dskomba@fandpnet.com
*Attorneys for Defendants, Full Citizenship of Maryland, Inc., and Pansy Stancil-Diaz*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21st day of October 2020, copies of Defendants' Response in Opposition to Plaintiffs' Motion for Reconsideration, supporting Memorandum of Law, and attachments thereto, were served via CM/ECF system, upon All Counsel of Record.

*/s/ Tamara B. Goorevitz*

Tamara B. Goorevitz (# 25700)

IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND
(Greenbelt Division)

TALIA CRAIGHEAD, et. al.,                    *

     **Plaintiffs**                                   *

v.                                                            *        **Case No.: PX 17-cv-0595**

FULL CITIZENSHIP                              *
OF MARYLAND, INC., et. al.,
                                   *

     **Defendants.**                                *

*    *    *    *    *    *    *    *    *    *    *    *    *

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION FOR RECONSIDERATION

    Defendants, Full Citizenship of Maryland, Inc. ("FCI") and Pansy Stancil-Diaz (collectively, "Defendants"), by and through their undersigned attorneys, Tamara B. Goorevitz, David A. Skomba and FRANKLIN & PROKOPIK, P.C., hereby submit this Memorandum of Law in Support of Defendants' Response in Opposition to Plaintiffs' Motion for Reconsideration under Fed R. Civ. P. 54(b) of Summary Judgment Order Granting in Part and Denying in Part Plaintiff's Motion for Summary Judgment ("Mot. for Recons."), ECF 224.  In support thereof, Defendants state:

### INTRODUCTION

    Plaintiffs request the Court reconsider in part its September 23, 2020 Memorandum Opinion,[1] ECF 221, ("Mem. Op.") with regard to the denial of Plaintiffs' request for summary

---

[1] As is customary, the Court issued a Memorandum Opinion (ECF 221) and a separate Order (ECF 222).  The Plaintiffs cite them together as the "Summary Judgment Order" but only reference ECF 221 and never cite or refence ECF 222, the actual Order.  *See* Mot. for Recons. at 1.  Thus, Plaintiffs have not timely sought reconsideration of that Order within the 14 day time limit set by LR 105.10:  "Except as otherwise provided in Fed. R. Civ. P. 50, 52, 59, or 60, any motion to

judgment on Plaintiffs' overtime claims.[2]  Plaintiffs argue that the Court did not consider portions of the record that they contend contained "uncontroverted evidence" demonstrating that Defendants paid Residential and Vocational Counselors on an hourly basis and the record's lack of evidence regarding Coordinators' job duties which would render such employees properly classified "exempt."   However, the most Plaintiffs have accomplished in their Motion for Reconsideration is to submit a reiteration of their previous arguments and to attempt to re-argue the record.  Plaintiffs have failed to identify a clear error of law or a manifest injustice to warrant reconsideration of the Court's denial of their motion for summary judgment.

## PROCEDURAL HISTORY

In their Motion for Summary Judgment, ECF No. 192, Plaintiffs argued that summary judgment is appropriate for Class Members' claims because there are no material facts in dispute: (1) all Class Members are hourly-paid employees; (2) Defendants failed to pay Class Members one-and-a-half times their hourly wage for hours worked in excess of 40 hours per week; (3) Defendants promised to pay an overtime rate for hours worked over 40 hours but failed to do so; and (4) Defendants paid employees less than the applicable county-mandated minimum wage from January 2015 to May 2016. *See* Pls.' Mot. for Summ. J. at 1.

In their Opposition to Plaintiffs' Motion for Summary Judgment/Cross-Motion for Partial Summary Judgment, ECF No. 201, and attached Memorandum of Law and exhibits, ECF Nos.

---

reconsider any ***order*** issued by the Court shall be filed with the Clerk not later than fourteen (14) days after entry of the ***order***."  (Emphasis added).  For that reason alone, this Court may properly deny the Plaintiffs Motion to Reconsider as procedurally deficient.  However, in the event the Court excuses this irregularity, as will be shown, Plaintiffs' Motion for Reconsideration is also substantively without merit.  For purposes of clarity, the Defendants refer to the Order, ECF 222 (hereinafter referred to as "Order") and to the Memorandum Opinion, ECF 221, separately.
[2] Plaintiffs do not request reconsideration of any of the other issues raised in Plaintiffs' Motion for Summary Judgment and subsequent papers and, as such, none of those other issues are re-addressed herein.

201-1 through 201-20, (hereinafter referred to as "Defs.' Opp'n/Cross-Mot. for Partial Summ. J.") Defendants maintained that Coordinators such as Plaintiffs were paid a salary, and performed exempt duties, and therefore were treated by FCI as exempt from the overtime requirements under federal and state law. *See* Defs.' Opp'n/Cross-Mot. for Partial Summ. J. at 2-3.

Plaintiffs then attempted to rebuff Defendants' contentions regarding the "executive" exemption, arguing that Defendants cannot establish that they met the salary basis test for the "executive" exemption and cannot establish that Coordinators are *bona fides* executives. *See* Pls.' Reply/Opp'n to Defs.' Cross-Mot. for Partial Summ. J., ECF No. 207, at 2-12 and 12-19.

Defendants underlined the contradictory material facts in both Plaintiffs' and Defendants' motion papers and argued that such contradictions clearly demonstrate genuine and material disputes of fact. *See* Defs.' Reply to Pls.' Reply/Opp'n to Defs.' Opp'n/Cross-Mot. for Partial Summ. J., ECF No. 210, at 2-5.

In the Court's Memorandum Opinion, the Court reviewed and provided a substantive summary of the instant matter's procedural and factual history. *See* Mem. Op. at 1-6. Within this summary, the Court specifically reviewed the job duties of Residential and Vocational coordinators (*id.* at 4-5) and Defendants' pay system (*id.* at 5-6). This summary included direct citations to depositions of Residential and Vocational Coordinators as well as payroll records of counselors and coordinators. *Id.* at 4-6 specifically references ECF Nos. 192-5 (Deposition Transcript of Talia Craighead), 192-6 (Deposition Transcript of Hutchinson), 192-7 (Deposition Transcript of Ransom), and 192-8 (Deposition Transcript of Tanya Rose) with regard to the job duties of Residential and Vocational Coordinators; and *id.* at 5 specifically references ECF Nos. 72-11 (Craighead Paystubs), 72-15 (Paystubs with Overtime Violations), 72-16 (Paystubs with Overtime as Relief Rate), 192-6 (Deposition Transcript of Hutchinson), 192-7 (Deposition Transcript of Ransom), & 192-11 (Deposition Transcript of Headean) with regard to each party's

contentions as to how counselors and coordinators were paid.

The Court denied Plaintiffs' request for summary judgment regarding their FLSA and state law overtime claims because a reasonable juror could conclude the Coordinators are exempt from the FLSA and companion state law claims. Mem. Op. at 8; Order at 1, #2. The Court and found that Defendants generated sufficient evidence to reach the jury on whether the Coordinators were exempt from the relevant wage and hour statutes. Mem. Op. at 10.

<u>ARGUMENT</u>

### 1.    *Standard of Review.*

An order of partial summary judgment is interlocutory in nature. *See, e.g.*, 11 Moore's Federal Practice § 56.40[3] (Matthew Bender 3d ed.) ("A partial summary judgment order is interlocutory...."). Courts may reconsider interlocutory orders "at any time prior to the entry of a final judgment." *Fayetteville Inv'rs v. Commercial Builders, Inc.*, 936 F.2d 1462, 1469 (4th Cir. 1991); *see also* Loc. R. 105.10 ("[A]ny motion to reconsider any order issued by the Court shall be filed with the Clerk not later than fourteen (14) days after entry of the order."). Courts will reconsider interlocutory decisions based on: (1) a change in controlling law; (2) additional evidence that was not previously available; or (3) a showing that that the prior decision was clearly erroneous or manifestly unjust.[3] *See Boyd v. Coventry Health Care Inc.*, 828 F. Supp. 2d 809, 814

---

[3] In the context of a motion to reconsider, manifest injustice is defined as "an error by the court that is direct, obvious, and observable." *Register v. Cameron Berkley Co.*, 481 F.Supp.2d 479, 480 n. 1 (D.S.C.2007)(Context of a Rule 59 motion to reconsider); *see also Register v. Cameron & Barkley Co.*, 481 F. Supp. 2d 479, 480 (D.S.C. 2007) (quoting *In re Oak Park Calabasas Condominium Ass'n*, 302 B.R. 682 (Bankr. C.D. Cal. 2003)). Manifest injustice does not exist where a party could have presented an argument but chose not to do so. *In re.: T2 Green, LLC,* 364 B.R. 592, 606 (Bankr.D.S.C.2007)(Context of a motion to reconsider after a final order). Manifest injustice "occurs where the court 'has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court by the parties, or has made an error not of reasoning but of apprehension ....' " *King v. McFadden*, C/A No. 1:14-CV-00091-JMC, 2015 WL 4937292, at *2 (D.S.C. Aug. 18, 2015) (quoting *Campero USA Corp. v. ADS Foodservice LLC*, 916 F. Supp. 2d 1284, 1292–93 (S.D. Fla. 2012)).

(D. Md. 2011); *Potter v. Potter*, 199 F.R.D. 550, 552 (D. Md. 2001) (discussing a motion to reconsider a discovery sanctions order).

Federal courts are obligated to reach the correct judgment under law, "[t]hough that obligation may be tempered at times by concerns of finality and judicial economy." *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 515 (4th Cir. 2003). Where a party " 'merely requests the district court to reconsider a legal issue or to 'change its mind,' relief is not authorized.' " *Pritchard v. Wal-Mart Stores, Inc.*, 3 F. App'x 52, 53 (4th Cir. 2001) (citation omitted).  "[M]ere disagreement" with the court's ruling does not support a motion to reconsider. *Hutchinson v. Staton*, 994 F.2d 1076, 1082 (4th Cir. 1993); *see also Lynn v. Monarch Recovery Mgmt., Inc.*, 953 F. Supp. 2d 612, 620 (D. Md. 2013).  Importantly, the Fourth Circuit has noted, in the context of a Rule 59 motion to reconsider, that review is deferential, under an abuse of discretion standard, and ". . . that where the district court's initial decision was correct, the denial of a motion to reconsider cannot be clearly erroneous or manifestly unjust. *See Halliburton Co.*, 866 F.3d at 211."  *Wojcicki v. SCANA/SCE&G*, 947 F.3d 240, 246 (2020).

### 2. *Summary Judgment Principles.*

Summary judgment is appropriate only "if the movant shows that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 323–25, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). The Court must "draw all justifiable inferences in favor of the nonmoving party, including questions of credibility and of the weight to be accorded to particular evidence." *Masson v. New Yorker Magazine, Inc.*, 501 U.S. 496, 520, 111 S.Ct. 2419, 115 L.Ed.2d 447 (1991) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). To defeat a motion for summary judgment, the nonmoving party must come forward with affidavits or other similar evidence to show that a genuine issue of material fact exists. *See Matsushita Elec.*

7

*Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986). A disputed fact presents a genuine issue "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson*, 477 U.S. at 248. Material disputes are those which "might affect the outcome of the suit under the governing law." *Id.*  Although the Court should believe the evidence of the nonmoving party and draw all justifiable inferences in his or her favor, the nonmoving party cannot create a genuine dispute of material fact "through mere speculation or the building of one inference upon another." *See Beal v. Hardy*, 769 F.2d 213, 214 (4th Cir.1985).

### 3. *Plaintiffs fail to make a sufficient showing that that the Court's prior decision was "clearly erroneous".*

At no point in their Motion for Reconsideration do Plaintiffs allege there was a change in the controlling law.  Nor have Plaintiffs presented the Court with any new facts not otherwise discoverable at the time the Court ruled on the Motion for Summary Judgment and subsequent papers.  *See* Mot. for Recons. at 1, reference "the record"; *also see generally* Mot. for Recons., showing all allegations made therein with regard to Plaintiffs' overtime claims are citations to the previous motions papers.

Rather, Plaintiffs argue that

> the Court did not consider portions of the record in finding a material dispute regarding how Defendants actually paid Residential and Vocational Coordinators (as opposed to what Defendants *promised* at the onset of their employment), and applied the wrong legal standard in evaluating what job duties render an employee properly classified as exempt from overtime. Each of these is "clearly erroneous" and warrants reconsideration.

*Id*. at 1 (emphasis in original).  However, Plaintiffs failed to identify a clear error of law that would warrant reconsideration of the Court's judgment.

With regard to whether Defendants paid Residential and Vocational Coordinators a salary or on an hourly basis, Plaintiffs specifically argue that:

> The Court's Order was clearly erroneous. In its decision finding a material issue of fact regarding whether Coordinators were paid on an hourly basis, the Court states that "Personnel forms reflect that the coordinators received an annual salary of $40,000." **ECF No. 221 at 10.** The Court then cites Defendants' evidence that at the beginning of employment, Defendants *promised* a $40,000 salary and that it was Plaintiffs understanding that they would be paid a salary. *Id.* (citing **ECF No. 201-5** at Ex. 4A-4D). But none of this evidence demonstrates how much Defendants actually paid Coordinators once they were employed by Defendants.

*Id.* at 12 (emphasis in original). Plaintiff argues that the Court should have evaluated what Defendants paid employees and not what they promised to pay them. *Id.* Plaintiffs' argument that "Courts look at what the employer paid employees in reality and not what they promised to pay them" and supporting case law was first made in their Motion for Reconsideration. *Compare* Mot. for Recons. at 12-13 *with* Pls.' Reply, ECF No. 207, at 2-12 *and* Pls.' Mot. for Summ. J., ECF No. 192, at 10-12; *also compare* Mot. for Recons. at 12-13 case citations *with* Pls.' Reply, ECF No. 207, "Table of Authorities" *and* Pls.' Mot. for Summ. J., ECF No. 192, "Table of Authorities." Plaintiffs ignore the fact that Defendants presented significant factual disputes on the issue of salary, including evidence of actual payment of a salary, not just a promise:

> … with few exceptions, the named Plaintiffs' pay stubs indicate that they were credited with 40-hour workweeks commensurate with a $40,000 salary paid in 26 bi-weekly installments. *See* **ECF 72-11** (Craighead Paystubs); **ECF 72-12** (Hutchinson Paystubs); **ECF 72-14** (Ransom Paystubs). In most cases, the named Plaintiffs earned a standard set payment (around $19.23 per hour) consistent with a 40-hour workweek in line with the predetermined salary noted above.

Defs.' Opp'n to Pls.' Mot. for Summ. J./Cross-Mot. for Partial Summ. J., ECF No. 201-1, at 18.

The present motion is undoubtedly a classic case of Plaintiffs attempting to "re-argue" an issue, and at that only presenting one side of the matter, to get the Court to change its mind and

"relief is not authorized." *Pritchard v. Wal-Mart Stores, Inc.*, 3 F. App'x 52, 53 (4th Cir. 2001)

(citation omitted).  Further, in addition to presenting one-sided facts (which were all presented in

Plaintiffs' original motion papers) in support of their Motion for Reconsideration, Plaintiffs are

only presenting one-side of the law with regard to the "salary" test.  In their Opposition to

Plaintiffs' Motion for Summary Judgment/Cross-Motion for Partial Summary Judgments,

Defendants presented ample law regarding the "salary" test and exemptions of the same, including

the effect of sporadic deductions that do not amount to an "actual practice" of improper

deductions.  *See* Defs.' Opp'n to Pls.' Mot. for Summ. J./Cross-Mot. for Partial Summ. J., ECF

No. 201-1, at 13, "Improper deductions from that set, predetermined amount will defeat exemption

status only for the pay period during which the improper deductions were made. *See id.* at §

541.603(b)." and

> … employees who receive a predetermined guaranteed weekly (or
> less often) salary in excess of $455 per week, under the regulations,
> are permitted to be paid for additional work in excess of that
> predetermined amount, including different jobs with different pay
> rates, without affecting the salary basis requirement, so long as "the
> employment arrangement also includes a guarantee of at least the
> minimum weekly-required amount paid on a salary basis." 29
> C.F.R. at § 541.604(a); *see also id.* ("[T]he exemption is not lost if
> an exempt employee . . . also receives additional compensation
> based on hours worked for work beyond the normal workweek.
> Such additional compensation may be paid on any basis (e.g., flat
> sum, bonus payment, straight-time hourly amount, time and one-
> half or any other basis), and may include paid time off.").
>
> The employer may also vary hours worked by or money paid to an
> employee in this additional work, "beyond the normal workweek,"
> including deductions based on performance, so long as the
> predetermined amount is not subject to improper pay deductions.
> *See, e.g., Havey v. Homebound Mortg., Inc.*, 547 F.3d 158, 165 (2d
> Cir. 2008) ("A two-part salary scheme in which employees receive
> a predetermined amount, plus, on a quarterly prospective basis, an
> additional portion subject to deductions for quality errors does not
> violate the salary-basis test."); *Lovelady v. Allsup's Convenience
> Stores, Inc.*, 304 Fed. Appx. 301, 304 (5th Cir. 2008) ("Deductions
> or reductions from bonus payments do not affect an employee's

[exempt] status . . . so long as the requisite minimum [ ] salary is paid."); *Coppage v. Bradshaw*, 665 F. Supp. 2d 1361, 1366 (N.D. Ga. 2009) ("[W]here an exempt employee receives additional compensation above his guaranteed minimum salary, an employer may make deductions without destroying the salary basis").

Defendants additionally cited:

… not all improper salary deductions result in total loss of FLSA exemption. The critical question, under regulations, is whether the employer has engaged in an "actual practice of making improper deductions," and thereby "demonstrates that [it] did not intend to pay employees on a salary basis." 29 C.F.R. § 541.603(a). *See Ellis v. J.R.'s Country Stores, Inc.*, 779 F.3d 1184, 1188 (10th Cir. 2015); *Rebischke v. Tile Shop, LLC*, 229 F. Supp. 3d 840, 849 (D. Minn. 2017). The DOL recommends courts consider several factors in making this determination, including but not limited to: "the number of improper deductions, particularly as compared to the number of employee infractions warranting discipline; the time period during which the employer made improper deductions; the number and geographic location of employees whose salary was improperly reduced; the number and geographic location of managers responsible for taking the improper deductions; and whether the employer has a clearly communicated policy permitting or prohibiting improper deductions." 29 C.F.R. § 541.603(a).

Moreover, to the extent that the court determines that an "actual practice" of improper deductions took place, such that the employer "did not intend to pay employees on a salary basis[,]" the exemption status is lost only *"during the time period in which the improper deductions were made." Id.* at § 541.603(b) (italics added); *accord Baden-Winterwood v. LifeTime Fitness, Inc.*, 566 F.3d 618, 628 (6th Cir. 2009); *Ellis*, 779 F.3d at 1189; *Watkins v. City of Montg., Ala.*, 775 F.3d 1280, 1284 n.1 (11th Cir. 2014).

*Id.* at 14; *see also id.* at 20.  The Court clearly considered and correctly applied this law in determining that genuine disputes of material fact had been presented by both sides and that the factual disputes were for the trier of fact to resolve.

Plaintiffs next argue that

even if Defendants had paid Coordinators on a salary basis, [such employees] cannot be properly classified as exempt because they did not have the authority to hire or fire employees, and/or make suggestions as to hiring and firing that are given "particular weight."

11

> 29 § 541.100(a)(4). ... Whether recommendations as to hiring, firing, and other status changes are given "particular weight" turns on whether the employee has the duty to make those recommendations, the frequency with which they are made or requested, and the frequency with which they are relied upon. *See* 29 C.F.R. § 541.105; 29 C.F.R. § 541.100(a)(4); C.F.R. §541.105. ...
>
> In its Summary Judgment Order, the Court did not evaluate the evidence regarding the Coordinators' lack of hiring and firing power. ... In its Summary Judgment Order, the Court erred in omitting this analysis [of "particular weight"].

Mot. for Recons. at 13-14.

First: these arguments are verbatim of Plaintiffs' arguments in their Reply, ECF No. 207. *Compare* Mot. for Recons. at 14-15 *with* Pls.' Reply, ECF No. 207, at 13-14. The only difference between the two papers is Plaintiffs referenced an 8th Circuit case and a case from the U.S. District Court for the Middle District of Florida in their Motion for Reconsideration, neither of which are binding on this Court or represent a change in the controlling law. Secondly: Plaintiffs again completely ignore Defendants' evidence contrary to Plaintiffs' argument. *See* "Affidavit of Pansy Stancil-Diaz," Exhibit 4 to Defs.' Opp'n to Pls.' Mot. for Summ. J./Cross-Mot. for Partial Summ. J., **ECF No. 201-5**, where Defendant Stancil-Diaz describes Residential and Vocational Counselors' and Coordinators' job duties; *and* "Supplemental Affidavit of Pansy Stancil-Diaz," Exhibit 5 to Defs.' Opp'n to Pls.' Mot. for Summ. J./Cross-Mot. for Partial Summ. J., **ECF No. 201-6**, at ##5-7, where Defendant Stancil-Diaz specifically states that Coordinators' recommendations regarding staff evaluations, warnings, and interview processes were given significant weight by Defendants in making personnel decisions, including hiring and firing. Again, Plaintiffs are plainly attempting to get the Court to change its mind based on one-side of the argument and do not cite any clear legal error which warrants reconsideration.

Thirdly: Plaintiffs seem to be conflating the obligations of the Court as they pertain to the papers previously before it. Plaintiffs sought summary judgment as to their overtime claims and

argued there was no material dispute of fact in this regard; Defendants argued against Plaintiffs request for summary judgment as to their overtime claims and raised the defense of "executive exemption" while making their own motion for summary judgment.  The Court, facing cross motions for summary judgment, must evaluate each party's motion on its merits, taking care in each instance to draw all reasonable inferences against the party whose motion is under consideration. *Snyder ex rel. Snyder v. Montgomery Cty. Pub. Sch.*, No. DKC 2008-1757, 2009 WL 3246579, at *5 (D. Md. Sept. 29, 2009) & *Mingus Constructors, Inc. v. United States*, 812 F.2d 1387, 1391 (Fed. Cir. 1987)).  The Court must deny both motions if it finds a genuine issue of material fact precludes resolution, "[b]ut if there is no genuine dispute and one or the other party is entitled to prevail as a matter of law, the court will render judgment." 10A Charles A. Wright & Arthur R. Miller, Federal Practice & Procedure § 2720 (4th ed. 2020).  The Court did precisely that and found that Defendants raised sufficient evidence to reach the jury on whether the Coordinators were exempt from the relevant wage and hour statutes. At this point in litigation, Defendants have generated sufficient evidence that a reasonable jury could find in Defendants favor that the employees were exempt under the applicable law. Defendants needed, and did, establish that there was sufficient evidence to reach the jury to let it decide as a matter of fact whether the Coordinators were exempt from the relevant wage and hour statutes.  There is no clear error by the Court in this regard and Plaintiffs are unable to establish such.

### 4.  *Plaintiffs failed to make a sufficient showing that that the Court's prior decision was "manifestly unjust."*

Manifest injustice does not exist where a party could have presented an argument but chose not to do so.  *In re.: T2 Green, LLC,* 364 B.R. 592, 606 (Bankr.D.S.C.2007)(Context of a motion to reconsider after a final order).  Manifest injustice "occurs where the court 'has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the Court

by the parties, or has made an error not of reasoning but of apprehension ....' " *King v. McFadden*, C/A No. 1:14-CV-00091-JMC, 2015 WL 4937292, at *2 (D.S.C. Aug. 18, 2015) (quoting *Campero USA Corp. v. ADS Foodservice LLC*, 916 F. Supp. 2d 1284, 1292–93 (S.D. Fla. 2012)).  Plaintiffs have not established that manifest injustice occurred, and Plaintiffs cannot establish a manifest injustice has occurred.  The Court properly evaluated the evidence before it and rendered an opinion.

Again, Plaintiffs are requesting that the Court reconsider in part its denial of Plaintiffs' summary judgment on their overtime claims.  *See* Mot. for Recons. at 1.  As a result of the Court's denial, Plaintiffs will still move forward in litigation and will still be able to present their claims before a jury.  Plaintiffs were not dismissed from the case nor were their claims extinguished. Plaintiffs have suffered no cognizable harm from the Court's denial of summary judgment on their claims.

## CONCLUSION

As detailed above, Plaintiffs' Motion for Reconsideration merely recited evidence already considered by the Court in an attempt to re-argue its case for summary judgment as opposed to taking their attenuated claims before a jury.  However, as Plaintiffs have failed to identify a clear error of law or a manifest injustice to warrant reconsideration of the Court's denial of their summary judgment, their Motion for Reconsideration must be denied.

**WHEREFORE**, Defendants, Full Citizenship of Maryland, Inc., and Pansy Stancil-Diaz, request that the Court deny Plaintiffs' Motion for Reconsideration and afford Defendants any further relief as may be allowed, and as justice and the nature of their cause may require.

Respectfully submitted,

/s/ *Tamara B. Goorevitz*
Tamara B. Goorevitz (# 25700)
David A. Skomba (# 23664)
FRANKLIN & PROKOPIK, P.C.
Two North Charles Street, Suite 600
Baltimore, Maryland 21201
Tel.: (410) 230-3625
Fax: (410) 752-6868
tgoorevitz@fandpnet.com
dskomba@fandpnet.com
*Attorneys for Defendants, Full Citizenship of*
*Maryland, Inc., and Pansy Stancil-Diaz.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21st day of October 2020, a copy of Defendants' Response in Opposition to Plaintiffs' Motion for Reconsideration was served via CM/ECF system, upon All Counsel Of Record.

/s/ *Tamara B. Goorevitz*
Tamara B. Goorevitz (# 25700)