IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| TALIA CRAIGHEAD, *et al.*, | * | |
| Plaintiffs, | * | |
| v. | * | Civil Action No. PX-17-595 |
| FULL CITIZENSHIP OF MARYLAND, INC., *et al.*, | * | |
| Defendants. | * | |

******

# MEMORANDUM OPINION

Pending is Plaintiffs' motion for reconsideration of this Court's partial denial of Plaintiffs' motion for summary judgment. *See* ECF No. 224. The issues are fully briefed, and no hearing is necessary. Loc. R. 105.6. For the following reasons, Plaintiffs' reconsideration motion is DENIED.[1]

## I. Background

The Court has previously discussed the facts of this wage and hour dispute in great detail and will not repeat them here. *See* ECF No. 221. In summary, Plaintiffs, on behalf of themselves and all others similarly situated, filed this action against Defendants Full Citizenship of Maryland, Inc. ("FCI") and FCI's Executive Director, Pansy Stancil-Diaz, alleging that Defendants violated the Fair Labor Standards Act and analogous Maryland law by failing to pay Plaintiffs minimum and overtime wages. ECF No. 1. Plaintiffs are a class of current and former FCI employees. Each fall into one of two subclasses based on their job responsibilities:

---

[1] Defendants assert that Plaintiffs sought reconsideration of the Court's Memorandum Opinion but not the corresponding Order. Thus, say Defendants, Plaintiffs' motion should be dismissed as "procedurally deficient." ECF No. 225 at 3-4 n. 1. The Court need not address this procedural concern because, in any event, Plaintiffs' motion fails on the merits.

1

residential and vocational coordinators ("coordinators") and residential and vocational counselors ("counselors").  Only the coordinators' overtime claims are the subject of this motion.

On September 23, 2020, the Court granted in part and denied in part the parties' cross-motions for summary judgment.  Relevant here, the Court determined that Defendants had produced sufficient evidence to reach a jury on whether the coordinators performed bona fide executive, administrative, or professional functions and thus were exempt from the FLSA and state wage and hour requirements.  ECF No. 221 at 8-10.  Plaintiffs now seek reconsideration of the Court's Memorandum Opinion denying summary judgment as to the applicability of the exemption to the coordinators' overtime claims.  ECF No. 224.

**II.     Analysis**

Reconsideration of an order of partial summary judgment is governed by Federal Rule of Civil Procedure 54(b).  *See Am. Canoe Ass'n, Inc. v. Murphy Farms, Inc.*, 326 F.3d 505, 514-15 (4th Cir. 2003) ("[A] district court retains the power to reconsider and modify its interlocutory judgments, including partial summary judgments, at any time prior to final judgment when such is warranted.").  When resolving a motion under Rule 54(b), courts frequently look to the standards applicable to motions under Rules 59(e) or 60(b) for guidance.  *See Nana-Akua Takyiwaa Shalom v. Payless Shoesource Worldwide, Inc.*, 921 F. Supp. 2d 470, 480-81 (D. Md. 2013).  Courts generally will reconsider an interlocutory order where: "(1) there has been an intervening change in controlling law; (2) there is additional evidence that was not previously available; or (3) the prior decision was based on clear error or would work manifest injustice." *Id.* at 481 (quoting *Akeva, LLC v. Adidas Am., Inc.*, 385 F. Supp. 2d 559, 565-66 (M.D.N.C. 2005)).  A motion to reconsider "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of" the order.  *Pac. Ins. Co. v.*

*Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (quoting 11 Wright, *et al*., Fed. Prac. & Proc. § 2810.1, at 127-28 (2d ed. 1995)); *see also Humane Soc'y v. Nat'l Union Fire Ins. Co. of Pittsburg, PA*, No. DKC 13-1822, 2017 WL 1426007, at *3 (D. Md. Apr. 21, 2017) (noting that the standards for reconsideration under Rules 59 and 60 provide guidance for reconsideration of interlocutory orders). Federal courts are obligated to reach the correct judgment under law, "[t]hough that obligation may be tempered at times by concerns of finality and judicial economy." *Am. Canoe Ass'n*, 326 F.3d at 515. Thus, where a party "merely requests the district court to reconsider a legal issue or to 'change its mind,' relief is not authorized." *Pritchard v. Wal Mart Stores, Inc.*, 3 F. App'x 52, 53 (4th Cir. 2001) (quoting *United States v. Williams*, 674 F.2d 310, 312 (4th Cir. 1982)).

      Plaintiffs have not presented the Court with any new facts or intervening change in controlling law. Rather, Plaintiffs singularly contend that the Court should reverse course because its prior decision on the exemption question was "clearly erroneous." ECF No. 224 at 5. Specifically, they argue the Court (1) ignored evidence that, despite FCI's pre-hiring promises to pay coordinators a salary, Defendants paid them on the hourly basis and (2) did not address whether the coordinators maintained any hiring or firing responsibilities, a factor that should have been given significant weight.

      Plaintiffs' arguments are decidedly not new, as Plaintiffs fronted each of these contentions in their initial pleadings. Moreover, the mere assertion that the Court "ignored" evidence favorable to the Plaintiffs does not bestow on the movant legitimate grounds for reconsideration. *See Hutchinson v. Staton*, 994 F.2d 1077, 1081-82 (4th Cir. 1993). Thus, the motion shall be denied on this basis alone.

However, even if the Court were to reconsider its prior decision, the outcome would remain unchanged. An employee is exempt from the wage and hour requirements if she has: (1) a "primary duty" of "management of the enterprise in which the employee is employed[;]" (2) "customarily and regularly directs the work of two or more other employees;" and (3) "has the authority to hire or fire other employees or whose suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees are given particular weight." 29 C.F.R. § 541.100(a)(2)-(4); *See also* Md. Code Ann., Lab. & Empl. § 3-415(a). This is a fact specific inquiry "with the major emphasis on the character of the employee's job as a whole." 29 C.F.R. § 541.700(a).

Plaintiffs fault the Court for "ignoring" evidence demonstrating that the coordinators were paid an hourly wage and for not "evaluat[ing] the evidence regarding the Coordinators' lack of hiring and firing power." ECF No. 224 at 16,18. Plaintiffs are wrong in both respects.

At the summary judgment stage, the Court must construe all evidence and draw all reasonable inferences in the light most favorable to the non-moving party. Fed. R. Civ. P. 56(a); *see In re Family Dollar FLSA Litig*., 637 F.3d 508, 512 (4th Cir. 2011). The Court had previously considered that while evidence exists to demonstrate the coordinators were paid hourly, Defendants also marshaled counter evidence that at the outset of employment, the coordinators were offered a set salary and the hourly wage evidence corresponded to the set salary. ECF No. 221 at 10; *see also* ECF No. 201-5 at Ex. 4A-4C.[2] Defendants also presented

---

[2] The Court remains baffled by Plaintiffs' repeated insistence that this Court is bound at the summary judgment stage to find as a matter of law that the coordinators were paid a wage because it had previously determined that Plaintiffs prevailed on the question of conditional and final class certification. ECF No. 224 at 9; *see also* ECF No. 192-1 at 13 (citing *Craighead v. Full Citizenship of Maryland*, No. PX-17-595, 2018 WL 3608743 at *4 (D. Md. July 27, 2018), 17 (same); ECF No. 207 at 10 (same). Plaintiffs provide no authority for the proposition that the judge-made determination for class certification supplants the summary judgment standard which requires this Court to assess *all evidence* and draw *all inferences* in the light most favorable to the non-moving party. The Court is unpersuaded that it prior determination as to the modicum of evidence that renders the case capable of class wide treatment also precludes Defendants from defeating the claims on the merits at trial.

evidence that coordinators' opinions were given special weight in hiring and firing decisions, supporting the inference that the coordinators' "suggestions and recommendations as to the hiring, firing, advancement, promotion or any other change of status of other employees are given particular weight." 29 C.F.R. § 541.100(a)(4); ECF No. 201-5 ¶ 9; 201-6 ¶¶ 5-7.  When viewing the record most favorably to Defendants, as this Court must, sufficient evidence exists from which a reasonable juror could conclude that the exemption applies.  Accordingly, the motion for reconsideration must be denied.

     A separate order follows.

1/6/2021  
Date

/S/  
Paula Xinis  
United States District Judge